UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMAD JEBRIL,

    Plaintiff,                    CIVIL ACTION NO. 08-10159

  vs.                          DISTRICT JUDGE BERNARD A. FRIEDMAN
                              MAGISTRATE JUDGE DONALD A. SCHEER

FEDERAL BUREAU OF
PRISONS, and
UNITED STATES OF AMERICA,

    Defendants,
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion to Dismiss for lack of subject matter jurisdiction should be GRANTED, because the United States has sovereign immunity from claims arising out of torts committed by Bureau of Prison employees.

\* \* \*

Plaintiff was allowed to proceed *in forma pauperis,* and filed the instant Complaint on January 11, 2008, against the Bureau of Prisons (BOP) and two BOP officials employed at the Federal Corrections Institute (FCI) in Milan, Michigan[1]. On May 20, 2008, the Court ordered the substitution of the United States of America for the two named BOP employees after the Attorney General's designee certified that the employees were each acting within the scope of their federal employment at the time of the alleged incident. (Docket #12).

---

[1] Plaintiff is currently incarcerated at FCI-Three Rivers, P.O. Box 4200, Three Rivers, Texas 78071.

Plaintiff asserts that several items of his personal property, worth over eleven hundred dollars, were either lost or destroyed after he was placed in the Special Housing Unit at FCI- Milan in December 2006. Plaintiff filed this suit under the Federal Tort Claims Act (FTCA), seeking compensatory and punitive damages.

Defendants filed a Motion to Dismiss on May 12, 2008, based upon a lack of subject matter jurisdiction and a failure to state a claim upon which relief can be granted. Defendants assert that the waiver of sovereign immunity does not apply to claims arising from the detention of property by officers of the BOP. In a response to Defendants' Motion to Dismiss, dated June 10, 2008, Plaintiff reiterated that he should be compensated for the loss of his personal property that had been confiscated during his eight month placement in administrative segregation at FCI-Milan.

The FTCA waives the United States' sovereign immunity for claims arising out of torts committed by federal employees, See 28 U.S.C. § 1346(b)(1). The FTCA authorizes "claims against the United States, for money damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Ibid.* The FTCA, however, exempts from this waiver certain categories of claims. See §§ 2680(a)-(n). Relevant here is the exception in subsection (c), which provides that § 1346(b) shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 2680(c).

The long held rule in the Sixth Circuit was that this clause only applied to law enforcement officers enforcing customs or excise laws, and thus would not affect the

waiver of sovereign immunity for property claims against officers of the BOP. See <u>Kurnsky v. United States</u>, 33 F.3d 594, 598 (6th Cir. 1994). This narrow interpretation was recently rejected by the United States Supreme Court in <u>Ali v. Federal Bureau of Prisons</u>, 550 U.S. _, 128 S.Ct. 831 (2008), which involved a prisoner's property lost during a transfer from one federal prison to another. The Court ruled that the broad phrase "any other law enforcement officer" covers all law enforcement officers, including BOP employees. <u>Id</u>. at 834. Consequently, this court lacks subject matter jurisdiction because Plaintiff's claims are barred by the FTCA exception in §2680(c). Defendants' Motion to Dismiss should be granted, and the Complaint dismissed with prejudice.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Friedman's acceptance thereof is waived.

                                         s/Donald A. Scheer
                                         DONALD A. SCHEER
                                         UNITED STATES MAGISTRATE JUDGE
DATED: June 26, 2008

_____

## CERTIFICATE OF SERVICE

I hereby certify on June 26, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 26, 2008. **Ahmad Jebril.**

                                         s/Michael E. Lang
                                         Deputy Clerk to
                                         Magistrate Judge Donald A. Scheer
                                         (313) 234-5217